UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 07 C 1264 |
| | ) | (02 CR 448-2) |
| RANDALL RE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 07 C 1530 |
| | ) | (02 CR 448-1) |
| ANTHONY N. CALABRESE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

    This matter comes before the court on the motions of Randall Re and Anthony Calabrese to vacate, correct, or set aside their sentences pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motions are denied. All other motions are denied as moot.

## BACKGROUND

In 2002, Calabrese and Re were indicted for conspiring to commit extortion in violation of 18 U.S.C. § 1951 ("the Hobbs Act") and conspiring to travel to commit extortion in violation of 18 U.S.C. § 1952. The two were tried together before a jury. Re was represented by Richard Bueke and Terry O'Donnell; Calabrese was represented by Joseph Lopez. Both were convicted on both counts. On April 15, 2003, both defendants were sentenced to 87 months' imprisonment on Count I and a concurrent sentence of 60 months' imprisonment on Count II. Each was also fined $12,500.

Defendants timely appealed their convictions and sentences to the Seventh Circuit. Re was represented by John Moran, Calabrese by Sean Burke. On January 12, 2005, the Supreme Court decided that the federal Sentencing Guidelines were unconstitutional if applied in a mandatory fashion in *United States v. Booker*, 543 U.S. 220. On March 22, the Seventh Circuit considered Re and Calabrese's direct appeals and affirmed their convictions. *United States v. Re*, 401 F.3d 828, 837 (7th Cir. 2005). However, because the appeals of the sentences imposed were pending when *Booker* was decided, the court ordered a limited remand to allow this court to consider whether the sentence imposed would have been the same if this court had known that the Sentencing Guidelines were advisory according to the procedure set forth in *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005). After receiving briefing and hearing argument on the *Paladino* issue, this court concluded that the same sentences would

have been imposed even if the guidelines had been known to be advisory. *United States v. Re*, 02 CR 448 (N.D. Ill. June 9, 2005). The Seventh Circuit then affirmed both sentences. *U.S. v. Re*, 419 F.3d 582, 584 (7th Cir. 2005).

Re and Calabrese petitioned the Supreme Court for a writ of certiorari; the request was denied on April 3, 2006. In March 2007, the defendants filed the instant motions seeking relief under § 2255.

## LEGAL STANDARD

Section 2255 permits a prisoner to "move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, or that "the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" Such collateral relief is only available, however, where there was "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.' " *Bischel v. United States,* 32 F.3d 259, 263 (7th Cir.1994) (quoting *Borre v. United States,* 940 F.2d 215, 217 (7th Cir.1991)). In evaluating a § 2255 petition, the district court must review the record and draw all reasonable inferences in favor of the government. *Carnine v. United States,* 974 F.2d 924, 928 (7th Cir.1992).

## DISCUSSION

Re's petition advances three grounds for relief: first, that O'Donnell rendered ineffective assistance, rendering his sentence illegal;[1] second, that the sentence imposed was illegal in light of the decision in *Booker*; third, that the government's theory of depletion of assets on the Hobbs Act claim was so flawed that any conviction resulting therefrom represented a fundamental miscarriage of justice. Calabrese's petition mirrors Re's, with the exception of the ineffective assistance claim and the challenge to the fine. We examine each ground in turn, focusing first on those common to both petitions.

**A. Legality of the Sentences Imposed**

Each petition contends that the sentences imposed run afoul of the Supreme Court's ruling in *Blakely v. Washington*, 542 U.S. 296 (2004). According to Re and Calabrese, *Blakely* precluded the application of a nine-level enhancement of the base offense level. The two contend that this enhancement violates their Sixth Amendment rights because the facts underlying the determination were found by a preponderance of the evidence standard at sentencing rather than beyond a reasonable doubt by the jury. They opine that the resulting sentences are in excess of the statutory maximum resulting from facts found by the jury in the original verdict.

---

[1] Re also contends that O'Donnell's conduct justifies a reduction in the imposed fine. However, this request has been previously made and denied. *United States v. Re*, 02 CR 448 (N.D. Ill. July 11, 2006). We decline to revisit that decision now.

To the extent that Re and Calabrese's argument is a challenge to the application of the Sentencing Guidelines, the issues they raise are fodder for direct appeal, not a § 2255 motion. *United States v. Redding*, 104 F.3d 96, 99 n.3 (7th Cir. 1996). To the extent that they can be construed as a constitutionally based challenge, the injury has already been remedied. The constitutional issues Re and Calabrese advance were addressed in the context of the Federal Sentencing Guidelines in *Booker*, and the constitutional infirmities of the previous system were identified and remedied. *Paladino* provided the mechanism for preventing a constitutional injury occurring to defendants like Re and Calabrese whose cases were pending on direct appeal at the time of the *Booker* decision. Both defendants in this case had the benefit of consideration of their sentences on a *Paladino* remand. Consequently, there is no constitutional infirmity resulting from the application of the Sentencing Guidelines that warrants any adjustment of the sentence under § 2255.

**B. Sufficiency of Theory Underlying Hobbs Act Convictions**

Next, Re and Calabrese contend that the evidence advanced to support the Hobbs Act charges were insufficient to establish the requisite interstate commerce element of the crime. This argument was addressed on direct appeal, and neither defendant has set forth any new information that would justify a reexamination of these issues. "Issues that were raised on direct appeal may not be reconsidered on a § 2255 motion absent

changed circumstances." *Varela v. United States*, 481 F.3d 932, 935-36 (7th Cir. 2007). Accordingly, this contention is not a basis for § 2255 relief.

**C. Ineffective Assistance of Counsel O'Donnell**

Finally, Re contends that his attorney, Terry O'Donnell, operated under an impermissible conflict of interest while he represented Re in his criminal case. According to Re, this conflict rendered O'Donnell's assistance ineffective and the resulting conviction and sentence unconstitutional.

Re spends a significant amount of time detailing misconduct in which O'Donnell allegedly engaged, primarily with respect to embezzlement of proceeds from the sale of a warehouse Re owned. O'Donnell was investigated by federal law enforcement for these charges and others related, but he died before any indictment was returned. However, any examination of O'Donnell's behavior is not necessary to decide the issues of this motion.

Conflicts of interest can be either potential or actual. *United States v. Stoia*, 109 F.3d 392, 395 (7th Cir. 1997). In the context of a claim of ineffective assistance of counsel, the first scenario is governed by the Supreme Court's decision in *Strickland v. Washington* 466 U.S. 668 (1984); the second by the Court's decision in *Cuyler v. Sullivan*, 446 U.S. 335 (1980). To give Re the maximum benefit of the doubt, we will examine his claims under the more lenient standard in *Strickland*.

To establish a claim of ineffective assistance of counsel, Re must satisfy both aspects of the familiar cause-and-prejudice standard first set out in *Strickland*. 466 at 688-90, 104 S. Ct. at 2065-66. Under this test, Re must establish that the representation he received fell below an objective standard of professional competence and that he suffered prejudice as a result. *See id.* Because of the strong presumption that counsel's performance was within acceptable professional boundaries, *Strickland* established that, where possible, a court should examine first whether a client was prejudiced by the assistance he or she received. *Id.* at 697, 104 S. Ct. at 2069. If not, there is no reason to examine whether counsel's performance was within acceptable professional standards. *Id.*

In this case, Re was represented by multiple attorneys at trial and sentencing. In such a context, the Seventh Circuit has held that a conflict of one attorney does not taint the representation of all the other attorneys and does not provide a basis to overturn a defendant's conviction. *United States v. Stoia*, 109 F.3d 392, 398 (7th Cir. 1997); *see also United States v. Lloyd*, 938 F. Supp. 738, 743 (N.D. Ill. 1997).

There is no dispute that Bueke conducted the vast majority of work at Re's trial. Re asserts that O'Donnell was doing the lion's share of work behind the scenes, making his alleged conflict infect Bueke's representation as well. However, Re has offered no affidavit from Bueke or other evidentiary support for his contention except his own statements on the matter. Re would not have personal knowledge of the division of

work between his respective attorneys, so there is no factual dispute created by his § 2255 submission that would require an evidentiary hearing. Rather, the record supports a conclusion that he received conflict-free representation from Bueke, representation to which he has leveled no challenge, and Re has not provided any reason why the presumption of competent representation by Bueke should be disregarded. As a result, any conflict that may have been present with O'Donnell did not create any prejudice to Re such that his constitutional rights were compromised at trial or sentencing. Thus, Re's claims of ineffective assistance are not sufficient to warrant relief under § 2255.

## CONCLUSION

Based on the foregoing, the motions for relief under 28 U.S.C. § 2255 are denied.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated:   November 15, 2007