# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 1264 | **DATE** | 9/29/2011 |
| **CASE TITLE** | US vs. Randall Re | | |

**DOCKET ENTRY TEXT**

Ruling held on 9/29/2011. Petitioner Randall Re's motion (Doc [146]) to alter or amend judgment is denied.

■ [ For further details see text below.]   Docketing to mail notices.

00:10

### ORDER

This matter comes before the Court on the motion of Petitioner Randall Re ("Re" or "Petitioner") to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"). On May 24, 2011, the Court granted in part and denied in part Re's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Familiarity with that opinion and its rationale is presumed. Specifically, the Court granted Re's motion as to the sentencing proceedings but denied his motion insofar as he sought to vacate the trial proceedings leading to his conviction. Re is now moving to amend the latter part of our ruling.

Relief pursuant to Rule 59(e) is an extraordinary remedy and is obtainable only if petitioner clearly establishes a manifest error of law or fact or presents newly discovered evidence. *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986). The rule does not afford a party an opportunity to rehash old arguments or to present new ones "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). With these principles in mind, we address the instant motion.

Re first argues that the Court's ruling on his ineffective assistance of counsel claim should be revisited because the record does not establish that Re's attorneys were sufficiently prepared to proceed to trial. In particular, Re contends that our findings that Richard Beuke ("Beuke") and Terry O'Donnell ("O'Donnell") "had been involved in the preparation of Re's case," that they had "contacted witnesses," and that the federal defender Sergio Rodriguez ("Rodriguez") did "all in his power to help in the preparation of the trial" are vague and baseless.

The Court reminds Petitioner that the burden is on him to identify what realistic steps and specific course of action his counsel purportedly failed to take. To prevail on an ineffective assistance of counsel claim, a

# ORDER

petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Here, Re again relies on bald and unsubstantiated assertions that his attorneys did not carry out a careful and diligent effort to track down witnesses and to prepare adequately. Re, however, does not point to any exculpatory or other concrete evidence that would support his ineffective assistance of counsel claim. "An ineffective assistance of counsel claim cannot rest upon counsel's alleged failure to engage in a scavenger hunt for potentially exculpatory information with no detailed instruction on what this information may be or where it might be found." *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002). Because Re does not satisfy the first element of his claim, we decline to amend our previous ruling.

In fact, the record is replete with overwhelming evidence to the contrary. First, over the course of his criminal trial, Re changed attorneys three times and was represented by five different attorneys, Beuke and O'Donnell, being his fourth and fifth attorneys respectively. Moreover, on October 28, 2002, the day Re's trial was scheduled to commence, the Court held a hearing specifically designed to evaluate the appropriateness of substituting the fully-prepared federal defender Rodriguez with Beuke and O'Donnell. The hearing disclosed that Beuke and O'Donnell had been "working" on the case since at least October 12, 2002, sixteen days before trial. Rodriguez indicated that he had done "all in his power" to help in the preparation for the trial which signified that he had forwarded *all* the discovery in his possession to Re's attorneys. To ascertain whether the transfer was knowing and voluntary, the Court asked Re whether he was "genuinely supportive of [Rodriguez's] withdrawal" and whether he was "entirely comfortable with the other two lawyers" that he had personally retained. Re answered that he had "no qualms, in terms of preparation and knowledge and all that goes with defending a criminal case."

Furthermore, Beuke's affidavit corroborated Rodriguez's statements and despite what Re suggests, the record is not silent on the amount of time his attorneys invested in preparing for his defense. In his affidavit, Beuke indicated that he and O'Donnell prepared for Re's case well before deciding to represent him in the criminal trial and before filing the motion for a continuance on October 22, 2002, six days before trial. Beuke also stated that they spent a "considerable amount of time" not only reviewing all the documents produced by the Government but also "additional records belonging to Re." The Government did not produce a burdensome amount of material. Beuke believed that they had ample time to travel to Florida, inspect Re's warehouse, interview several witnesses regarding the warehouse transaction, discover the gun that had been used during Leach's assault, inquire into Leach's embroilment in other disputes, and meet with Calabrese's attorney. Beuke concluded that "because of the preparation that Mr. O'Donnell and I had done prior to the filing of the motion to substitute as counsel, we were prepared to proceed to trial on October 28, 2002." In light of this compelling evidence, we reiterate our previous conclusion that Re's trial counsel were sufficiently prepared for trial and deny to amend our ruling.

Re next asks the Court to vacate the trial proceedings leading to his conviction because O'Donnell's actual commission of a crime during the course of his representation is sufficient to establish *per se* violation of the Sixth Amendment. Re spends a considerable amount of time explaining how O'Donnell was engaged in a scheme to embezzle the proceeds generated from the warehouse's sale as early as July 2002 to demonstrate that O'Donnell was conflicted well before the jury trial. Even assuming for the sake of argument that O'Donnell was harboring an actual conflict of interest which compromised O'Donnell's performance, Re still does not address the core issue: how O'Donnell's conflict of interest adversely impacted the effective representation of his conflict-free counterpart. There is no basis to overturn a defendant's conviction where a defendant is adequately represented by other lawyers and the defendant's *overall* representation is not impaired by any actual conflict. *Stoia v. U.S.*, 109 F.3d 392, 398 (7th Cir. 1997).

| ORDER |
|---|

During trial, Beuke, who was indisputably conflict-free, served as the lead counsel at all times and at all critical stages of the proceedings. Beuke gave the opening statement and the closing argument, cross-examined witnesses, and was integrally involved in all aspects of the preparation and division of trial responsibilities. Unlike Beuke, O'Donnell was predestined to play a secondary role because he was not admitted to the trial bar of the Northern District of Illinois and had scarce federal court experience. In fact, his contribution during trial was confined to the cross-examination of a minor Government witness. The record supports the conclusion that Beuke was the lead counsel and was exclusively handling Re's defense and representation, that O'Donnell played a peripheral, subsidiary role, and that Re received conflict-free representation at all critical stages of the criminal process. Re was ultimately not prejudiced because any potential or actual conflict of interest that may have adversely impacted O'Donnell's performance was neutralized by Beuke's competent and conflict-free representation. "To hold otherwise would allow defendants represented by multiple lawyers to take two bites at the apple simply by showing that one of the lawyers was somehow conflicted in his representation." *Stoia*, 109 F.3d at 399. Based on the foregoing analysis, Petitioner's motion to amend our previous ruling is denied.

Date: September 29, 2011

                                                                                                   **CHARLES P. KOCORAS**
                                                                                                   **U.S. District Judge**